864 F.2d 149
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Zavan T. GARRIS, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 86-855.
 United States Court of Appeals, Federal Circuit.
 Nov. 16, 1988.
 
 Before FRIEDMAN, Circuit Judge, BALDWIN, Senior Circuit Judge, and MAYER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (Board) in MSPB Docket No. PH07528510326, sustaining the removal of the petitioner, is affirmed.
 
 OPINION
 
 2
 1. After it had revoked the petitioner's security clearance, the Navy removed him from his position as an electrician at the Norfolk Naval Shipyard because a security clearance was required for that position. The Navy revoked the security clearance because the petitioner had been thrice arrested for and twice convicted of assault and carrying a concealed handgun.
 
 
 3
 On the petitioner's appeal, the Board's administrative judge reversed the removal. The administrative judge held that "the agency has failed to prove by preponderant evidence that there is a rational connection between the factors it relied on to revoke the appellant's security clearance, and the interests of national security. Since the agency did not prove that there was a rational connection, I find that it had no basis to revoke the appellant's security clearance. Therefore, since the appellant's removal was precipitated by his failure to maintain a security clearance, his removal must be reversed."
 
 
 4
 The Board reversed the administrative judge's decision and reinstated the agency removal of the petitioner. The Board held that under its decision in Egan v. Department of the Navy, 28 MSPR 509 (1985),
 
 
 5
 the Board has no authority to review the agency's stated reasons for the security clearance determination. The Board's review in such cases is limited to determining that the agency has established that a security clearance was required for the position in question, that the security clearance was revoked or denied, and that minimum due process protections were afforded the employee. Those minimum due process rights are: 1) notice of the denial or revocation; 2) an opportunity to respond; and 3) the reason(s) upon which the negative decision was based.
 
 The Board ruled that
 
 6
 the presiding official's analysis of the merits of the revocation, and his resulting conclusion, constitute the type of intrusion into agency decision-making which we later precluded in Egan. With respect to the minimum due process rights indentified [sic] above, a review of the record indicates that appellant was accorded the requisite protections.
 
 
 7
 2. In Department of the Navy v. Egan, 56 U.S.L.W. 4150 (Feb. 23, 1988), the Supreme Court upheld the Board's Egan decision and ruled that the Board has no "authority by statute to review the substance of an underlying decision to deny or revoke a security clearance in the course of reviewing an adverse action." Id. at 4151. In view of that decision, the Board in this case correctly reversed the administrative judge's reversal of the Navy's removal of petitioner.
 
 
 8
 We also agree with the Board that the petitioner received all the procedural protection to which he was entitled in connection with revocation of his security clearance. As in Egan, the petitioner "received notice of the reasons for the proposed denial, an opportunity to inspect all relevant evidence, a right to respond, a written decision, and an opportunity to appeal to the Personnel Security Appeals Board." Id. at 4154. Finally, the record shows that the Navy attempted to find another position for the petitioner that did not require a security clearance, but that no such position was available.